**STATE of Texas, Appellant**

v.

**Teaundra Lasha OAGES, Appellee.**

**No. 11–04–00183–CR.**

Court of Appeals of Texas, Eastland.

June 7, 2007.

---

James Eidson, District Atty., and Patricia Dyer, Criminal District Attorney's Office, Abilene, TX, for appellant.

Stan Brown, Attorney At Law, Abilene, TX, for appellee.

Panel consists of: WRIGHT, C.J., McCALL, J., and STRANGE, J.

## OPINION ON REMAND

TERRY McCALL, Justice.

This court originally reversed the trial court's order granting Teaundra Lasha Oages's motion to suppress. *State v. Oages,* 162 S.W.3d 445 (Tex.App.-Eastland 2005). The Court of Criminal Appeals held that, when the losing party requests findings of fact and conclusions of law after a ruling on a motion to suppress, the trial court must enter such findings and conclusions; vacated our judgment; and remanded the cause to this court for further proceedings. *State v. Oages,* 210 S.W.3d 643 (Tex.Crim.App.2006). The trial court has now entered findings of fact and conclusions of law. The parties have elected to proceed on their original briefs. After reviewing the trial court's findings and conclusions and the parties' arguments, we reverse and remand.

### Background Facts

Abilene Police Officer Mike Baird observed Oages commit a traffic violation. Officer Baird stopped Oages's vehicle, placed Oages under arrest pursuant to an outstanding warrant, and discovered a small plastic bag of marihuana in the center console area of the vehicle. Oages was charged with possession of less than two ounces of marihuana.

At the motion to suppress hearing, Oages acknowledged that Officer Baird's search incident to arrest would be valid under the Fourth Amendment of the United States Constitution. *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). But counsel argued that the search was invalid under Article I, section 9 of the Texas Constitution. The trial court granted Oages's motion to suppress.

*Trial Court's Findings and Conclusions*

The trial court found that Officer Baird's traffic stop of Oages was lawful; that Oages admitted to Officer Baird that she had an outstanding arrest warrant; that Oages remained in her vehicle while Officer Baird verified the validity of the arrest warrant; and that Officer Baird legally arrested Oages pursuant to the warrant. The trial court further found that Officer Baird conducted a lawful search of Oages's person and found a cigar. The trial court found that there was no inventory search of the car because the car was released to Oages's mother and that the baggie of marihuana was not in plain sight but was in the center console.

The trial court concluded that the traffic stop was legal, that the arrest was legal, and that the search of the vehicle was not legal because the Texas Constitution provided greater protection in a search incident to arrest than the United States Constitution.

*Issue on Appeal*

In its sole issue on appeal, the State argues that the trial court abused its discretion when it granted Oages's motion to suppress on the grounds that the Texas Constitution provides greater protection to searches incident to an arrest than the United States Constitution. We agree.

*Standard of Review*

In reviewing a trial court's ruling on a motion to suppress, appellate courts must give great deference to the trial court's findings of historical facts as long as the record supports the findings. *Guzman v. State,* 955 S.W.2d 85 (Tex.Crim.App.1997). Because the trial court is the exclusive factfinder, the appellate court reviews evidence adduced at the suppression hearing in the light most favorable to the trial court's ruling. *Carmouche v. State,* 10 S.W.3d 323, 327 (Tex.Crim.App.2000). We also give deference to the trial court's rulings on mixed questions of law and fact when those rulings turn on an evaluation of credibility and demeanor. *Guzman,* 955 S.W.2d at 89. Where such rulings do not turn on an evaluation of credibility and demeanor, we review the trial court's actions de novo. *Guzman,* 955 S.W.2d at 89; *Davila v. State,* 4 S.W.3d 844, 847–48 (Tex. App.-Eastland 1999, no pet.). This case involved only the application of the law to the facts; hence, our review is de novo.

*The Search Incident To*
*Arrest Was Valid*

■ At the suppression hearing, Oages relied solely on an argument based on the Texas Constitution. At the beginning of the hearing below, counsel for Oages stated:

[O]ur amended Motion to Suppress does not in any way rely upon the United States Constitution or the Fourth Amendment.

Oages did not contest the validity of her arrest at the hearing. Oages made the same argument to the trial court below that Justice Brennan made in his dissent in *Belton,* 453 U.S. at 466, 101 S.Ct. 2860. Counsel contended that, under the circumstances, Oages could not have gained possession of a weapon or destroyed evidence:

[The officer] had a right to pat her down, to search her person, as he said, incident to arrest. Nobody is arguing about that; but the marihuana in the console was not out in the open. It was not where you would expect ... anyone to see it, and at the time [the officer] began the search of the vehicle she had already been placed under arrest, handcuffed in the back and sitting in the back seat of the patrol car. There was no danger ... to the officer.

*Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), held that one exception to the Fourth Amendment's warrant requirement for searches is that an officer may search the area within the immediate control of a person arrested. Where the person arrested was the occupant of a vehicle, however, police had difficulty in determining whether the passenger compartment was actually within that person's reach. To establish a "workable rule," the Supreme Court in *Belton* held that, "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *Belton,* 453 U.S. at 460, 101 S.Ct. 2860. This bright-line rule has been consistently recognized and applied in Texas. *State v. Gray,* 158 S.W.3d 465 (Tex. Crim.App.2005); *State v. Ballard,* 987 S.W.2d 889 (Tex.Crim.App.1999); *Williams v. State,* 726 S.W.2d 99 (Tex. Crim.App.1986).

In *Williams,* the trial court had found the defendant guilty of unlawfully carrying a handgun. On appeal, the defendant argued that his arrest had been unlawful under the Fourth Amendment and under Article I, section 9. The defendant had stepped out of his truck and was standing by the open door when the officer noticed a brown paper bag on the floorboard on the driver's side. Looking inside the bag, the officer found a handgun. He then arrested the defendant.

Upholding the trial court's denial of the defendant's motion to suppress, the court in *Williams* found that the officer had probable cause to arrest the defendant because he had parked on the wrong side of the street. The court then relied on

*Belton* to find that the officer's search incident to arrest was valid.[1] Judge Teague's dissenting argument that the Texas Constitution should afford greater protection, at least where the arrest was for a minor traffic violation, was rejected by the majority opinion. *See Williams,* 726 S.W.2d at 105–07.

Oages is correct in stating that *Heitman v. State,* 815 S.W.2d 681 (Tex.Crim.App. 1991), held that Texas courts may find that defendants have greater rights under the Texas Constitution than they have under the Supreme Court's interpretation of the United States Constitution. We are mindful, however, of the court's admonition in *Johnson v. State,* 912 S.W.2d 227, 233 (Tex.Crim.App.1995), that, although Texas courts can hold that defendants have greater rights under the Texas Constitution, this does not mean that Texas courts should do so. In *Johnson,* the court interpreted the issue of when a "seizure" has occurred under Article I, section 9 the same as the Supreme Court did in *California v. Hodari D.,* 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991).

■ Our reading of *Gray, Ballard,* and *Williams* persuades us that, where there is a search incident to the arrest of an occupant of a vehicle, Texas follows the bright-line rule of *Belton* in interpreting Article I, section 9 of the Texas Constitution, even though the Court of Criminal Appeals has not expressly so stated. The objective approach of *Belton* "makes more sense" than the alternatives, and it is more reasonable in terms of application. *See Crittenden v. State,* 899 S.W.2d 668, 673 (Tex.Crim.App.1995). The search incident to arrest here was not subject to more stringent restrictions under the Texas

---

1. The *Williams* court found that it did not matter that the search incident to the arrest preceded the formal custodial arrest by a few

moments, citing *Rawlings v. Kentucky,* 448 U.S. 98, 100, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980).

Constitution than under the Fourth Amendment. *See Ashton v. State*, 931 S.W.2d 5, 8 (Tex.App.-Houston [1st Dist.] 1996, pet. ref'd) (holding that Article I, section 9 did not preclude an officer's search of the defendant's purse; it was a valid search incident to arrest).

We sustain the State's sole issue on appeal.

### This Court's Ruling

We reverse the decision of the trial court and remand the case for further proceedings.