Opinion filed June 7, 2007 

















 
 
  
 
 







 
 
  
 
 




Opinion filed June 7, 2007 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00183-CR 

 

                                                    __________

 

                                       STATE OF TEXAS,
Appellant

 

                                                             V.

 

                               TEAUNDRA
LASHA OAGES, Appellee

 



 

                                  On
Appeal from the County Court at Law No. 2

 

                                                          Taylor
County, Texas

 

                                                   Trial
Court Cause No. 34,891

 



 

                                                 O
P I N I O N   ON   R E M A N D








This court originally reversed the trial court=s order granting Teaundra Lasha Oages=s motion to suppress.  State v. Oages, 162 S.W.3d 445 (Tex. App.CEastland 2005).  The Court of Criminal Appeals held that, when
the losing party requests findings of fact and conclusions of law after a
ruling on a motion to suppress, the trial court must enter such findings and conclusions;
vacated our judgment; and remanded the cause to this court for further
proceedings.  State v. Oages, 210
S.W.3d 643 (Tex.
Crim. App. 2006).  The trial court has
now entered findings of fact and conclusions of law.  The parties have elected to proceed on their
original briefs.  After reviewing
the  trial court=s
findings and conclusions and the parties=
arguments, we reverse and remand.

                                                               Background
Facts

Abilene Police Officer Mike Baird observed Oages
commit a traffic violation.  Officer
Baird stopped Oages=s
vehicle, placed Oages under arrest pursuant to an outstanding warrant, and
discovered a small plastic bag of marihuana in the center console area of the
vehicle.  Oages was charged with
possession of less than two ounces of marihuana.

At the motion to suppress hearing, Oages
acknowledged that Officer Baird=s
search incident to arrest would be valid under the Fourth Amendment of the United
States Constitution.  New
 York v. Belton, 453 U.S. 454 (1981).  But counsel argued that the search was
invalid under Article I, section 9 of the Texas Constitution.  The trial court granted Oages=s motion to suppress.

Trial Court=s
Findings and Conclusions

The trial court found that Officer Baird=s traffic stop of Oages was lawful;
that Oages admitted to Officer Baird that she had an outstanding arrest
warrant; that Oages remained in her vehicle while Officer Baird verified the
validity of the arrest warrant; and that Officer Baird legally arrested Oages
pursuant to the warrant.  The trial court
further found that Officer Baird conducted a lawful search of Oages=s person and found a cigar.  The trial court found that there was no
inventory search of the car because the car was released to Oages=s mother and that the baggie of
marihuana was not in plain sight but was in the center console.  

 The trial
court concluded that the traffic stop was legal, that the arrest was legal, and
that the search of the vehicle was not legal because the Texas Constitution
provided greater protection in a search incident to arrest than the United
States Constitution.

                                                                  Issue
on Appeal

In its sole issue on appeal, the State argues that
the trial court abused its discretion when it granted Oages=s motion to suppress on the grounds
that the Texas Constitution provides greater protection to searches incident to
an arrest than the United States Constitution. 
We agree.

Standard of Review








In reviewing a trial court=s
ruling on a motion to suppress, appellate courts must give great deference to
the trial court=s
findings of historical facts as long as the record supports the findings.  Guzman v. State, 955 S.W.2d 85
(Tex. Crim. App. 1997).  Because the
trial court is the exclusive fact- finder, the appellate court reviews evidence
adduced at the suppression hearing in the light most favorable to the trial
court=s
ruling.  Carmouche v. State, 10
S.W.3d 323, 327 (Tex.
Crim. App. 2000).  We also give deference
to the trial court=s rulings
on mixed questions of law and fact when those rulings turn on an evaluation of
credibility and demeanor.  Guzman,
955 S.W.2d at 89.  Where such rulings do
not turn on an evaluation of credibility and demeanor, we review the trial
court=s actions
de novo.  Guzman, 955
S.W.2d at 89; Davila v. State, 4 S.W.3d 844, 847-48 (Tex. App.CEastland 1999, no pet.).  This case involved only the application of
the law to the facts; hence, our review is de novo.                                                              Search Incident To Arrest Was Valid

At the suppression hearing, Oages relied solely on
an argument based on the Texas Constitution. 
At the beginning of the hearing below, counsel for Oages stated:

[O]ur amended Motion to
Suppress does not in any way rely upon the United States Constitution or the
Fourth Amendment.

 

Oages did not contest the validity of her arrest
at the hearing.  Oages made the same
argument to the trial court below that Justice Brennan made in his dissent in Belton,
453 U.S.
at 466.  Counsel contended that, under
the circumstances, Oages could not have gained possession of a weapon or
destroyed evidence:

[The
officer] had a right to pat her down, to search her person, as he said,
incident to arrest.  Nobody is arguing
about that; but the marihuana in the console was not out in the open.  It was not where you would expect . . .
anyone to see it, and at the time [the officer] began the search of the vehicle
she had already been placed under arrest, handcuffed in the back and sitting in
the back seat of the patrol car.  There
was no danger . . . to the officer.

 








Chimel v. California, 395 U.S. 752 (1969),
held that one exception to the Fourth Amendment=s
warrant requirement for searches is that an officer may search the area within
the immediate control of a person arrested. 
Where the person arrested was the occupant of a vehicle, however, police
had difficulty in determining whether the passenger compartment was actually
within that person=s
reach.  To establish a Aworkable rule,@
the Supreme Court in Belton held that, Awhen
a policeman has made a lawful custodial arrest of the occupant of an
automobile, he may, as a contemporaneous incident of that arrest, search the
passenger compartment of that automobile.@  Belton, 453 U.S. at 460.  This bright-line rule has been consistently
recognized and applied in Texas.  State v. Gray, 158 S.W.3d 465 (Tex. Crim. App. 2005); State
v. Ballard, 987 S.W.2d 889 (Tex. Crim. App. 1999); Williams v. State,
726 S.W.2d 99 (Tex. Crim. App. 1986).

In Williams, the trial court had found the
defendant guilty of unlawfully carrying a handgun.  On appeal, the defendant argued that his
arrest had been unlawful under the Fourth Amendment and under Article I,
section 9.  The defendant had stepped out
of his truck and was standing by the open door when the officer noticed a brown
paper bag on the floorboard on the driver=s
side.  Looking inside the bag, the
officer found a handgun.  He then
arrested the defendant.

Upholding the trial court=s
denial of the defendant=s
motion to suppress, the court in Williams found that the officer had
probable cause to arrest the defendant because he had parked on the wrong side
of the street.  The court then relied on Belton
to find that the officer=s
search incident to arrest was valid.[1]  Judge Teague=s
dissenting argument that the Texas Constitution should afford greater
protection, at least where the arrest was for a minor traffic violation, was
rejected by the majority opinion.  See
Williams, 726 S.W.2d at 105-07.

Oages is correct in stating that Heitman v.
State, 815 S.W.2d 681 (Tex. Crim. App. 1991), held that Texas courts may
find that defendants have greater rights under the Texas Constitution than they
have under the Supreme Court=s
interpretation of the United States Constitution.  We are mindful, however, of the court=s admonition in Johnson v. State,
912 S.W.2d 227, 233 (Tex. Crim. App. 1995), that, although Texas
courts can hold that defendants have greater rights under the Texas
Constitution, this does not mean that Texas
courts should do so.  In Johnson,
the court interpreted the issue of when a Aseizure@ has occurred under Article I, section
9 the same as the Supreme Court did in California v. Hodari D., 499 U.S.
621 (1991).








Our reading of Gray, Ballard, and Williams
persuades us that, where there is a search incident to the arrest of an
occupant of a vehicle, Texas follows the bright-line rule of Belton in
interpreting Article I, section 9 of the Texas Constitution, even though the
Court of Criminal Appeals has not expressly so stated.  The objective approach of Belton Amakes more sense@
than the alternatives, and it is more reasonable in terms of application.  See Crittenden v. State, 899 S.W.2d
668, 673 (Tex. Crim. App. 1995).  The
search incident to arrest here was not subject to more stringent restrictions
under the Texas Constitution than under the Fourth Amendment.  See Ashton v. State, 931 S.W.2d 5, 8
(Tex. App.CHouston
[1st Dist.] 1996, pet. ref=d)
(holding that Article I, section 9 did not preclude an officer=s search of the defendant=s purse; it was a valid search incident
to arrest).

We sustain the State=s
sole issue on appeal.

This Court=s
Ruling

We reverse the decision of the trial court and
remand the case for further proceedings.

 

TERRY McCALL

JUSTICE

 

June 7, 2007

Publish.  See Tex. R. App. P. 47.2(b).

Panel
consists of: Wright, C.J., 

McCall,
J., and Strange, J.











[1]The Williams court found that it did not matter
that the search incident to the arrest preceded the formal custodial arrest by
a few moments, citing Rawlings v. Kentucky, 448 U.S. 98, 100 (1980).