Opinion filed February 14, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed February 14,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00127-CR

                                                     __________

 

                                   BOBBY
JOE JACKSON, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                             On Appeal
from the 104th District Court

 

                                                            Taylor
County, Texas

 

                                                    Trial
Court Cause No. 15,371-B

 



 

                                                                   O
P I N I O N      








Bobby
Joe Jackson appeals his conviction by a jury of the offense of possession of
cocaine in an amount of less than one gram.  Following Jackson=s plea of true to
enhancement allegations, the trial court found those allegations to be true and
assessed Jackson=s
punishment at fifteen years confinement in the Texas Department of Criminal
Justice, Institutional Division.  Jackson contends in five issues that the
trial court abused its discretion by denying his motion to suppress evidence,
that the trial court abused its discretion by denying his motion to dismiss for
failure to provide a speedy trial, that the evidence was legally and factually
insufficient to support the conviction, and that the trial court abused its
discretion by denying his motion for new trial due to ineffective assistance of
trial counsel.  We affirm.

Jackson
contends in issues three and four that the evidence is legally and factually
insufficient to support his conviction.  In order to determine if the evidence
is legally sufficient, the appellate court reviews all of the evidence in the
light most favorable to the verdict and determines whether any rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979).  To
determine if the evidence is factually sufficient, the appellate court reviews
all of the evidence in a neutral light.  Watson v. State, 204 S.W.3d
404, 414 (Tex. Crim. App. 2006) (overruling in part Zuniga v. State, 144
S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State, 23 S.W.3d 1, 10-11
(Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407-08 (Tex.
Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996). Then, the reviewing court determines whether the evidence supporting the
verdict is so weak that the verdict is clearly wrong and manifestly unjust or
whether the verdict is against the great weight and preponderance of the
conflicting evidence. Watson, 204 S.W.3d at 414-15; Johnson, 23
S.W.3d at 10-11.

To
prove the unlawful possession of contraband, the State must prove that the
accused exercised control, management, or care over the contraband and knew
that the matter possessed was contraband.  Poindexter v. State, 153
S.W.3d 402, 405 (Tex. Crim. App. 2005).  When the accused is not in exclusive
possession of the place where the contraband is found, it cannot be concluded
that the accused had knowledge of and control over it unless there are
additional facts and circumstances that affirmatively link the accused to the
contraband.  Id. at 406.

Ryan
Molsbee testified that he is a patrolman with the Abilene Police Department. 
Officer Molsbee indicated that on September 23, 2004, he observed Jackson
riding a bicycle at night without a headlight.  He indicated that about two
months earlier he had issued Jackson a citation for the same offense with the
same bicycle.  He stated that a red bag on the seat of the bicycle contained an
off-white substance.  He related that at one point Jackson told someone else to
take his bike.  He acknowledged that just a couple of seconds later Jackson was
denying ownership of the bicycle.








William
Chandley identified himself as an employee of the Texas Department of Public
Safety who works in the drug section of the Abilene crime lab.   He testified
that the substance found by Officer Molsbee contained cocaine and that it
weighed less than one gram.

John
Robert Turner Jr. testified that he was talking to Jackson at the time officers
arrived.  He indicated that he did not know whether the bicycle in question
belonged to Jackson.  He acknowledged that he had received four convictions for
possession of cocaine.

Officer
Anthony Joeris testified that he is a patrol officer with the Abilene Police
Department.  He indicated that he had contact with Jackson on July 19, 2004. 
He related that at that time Jackson was traveling on an older model blue
ten-speed bicycle with a red soft cooler underneath the seat.

We
hold that the evidence is legally and factually sufficient to support the
conviction.  Jackson suggests that the evidence is insufficient because it does
not sufficiently link him to the cocaine.  The evidence shows that on the
occasion in question Jackson was in sole possession of the bicycle B a bicycle that he had been
observed riding previously and which he had referred to as his own, prior to
denying ownership B
and was, at the time of his arrest, talking to someone who had at least four
prior convictions for possession of cocaine.  We hold that the evidence
affirmatively links Jackson to the cocaine found in the bag.  As noted by
Jackson in his brief, the doctrine of affirmative links applies when it is
shown that the defendant is not in exclusive possession or control of the
premises where the contraband is found.  In this case, a rational jury could
determine from the evidence that Jackson was the owner or sole person in
control of the bicycle and in exclusive possession of the bag where the cocaine
was found.  Jackson notes that there were others in the vicinity of the bag at
the time of his arrest, but there is no evidence that any of them had any
connection to the bicycle or bag or exercised any control over either of them. 
We overrule issues three and four.  








Jackson
urges in issue one that the trial court abused its discretion by denying his
motion to suppress evidence of the cocaine.  He contends that, although the
search conducted by the officer did not violate his rights under the Fourth
Amendment to the United States Constiution, it did violate his rights under Tex. Const. art. I, ' 9 because, unlike the
Fourth Amendment, this provision limits searches of vehicles incident to an
arrest only to those areas where the defendant might reach in order to grab a
weapon or evidentiary item.  This court has previously held, subsequent to the
filing of Jackson=s
brief, that Article I, section 9, with reference to searches of vehicles
incident to a lawful custodial arrest, does not afford more protection than
that afforded by the Fourth Amendment as set forth by the Supreme Court of the
United States in New York v. Belton, 453 U.S. 454 (1981).  State v. 
Oages, 227 S.W.3d 397, 400-01 (Tex. App.CEastland
2007, pet. ref=d).  In
Oages, we answered the contention that Texas courts may find that
defendants have greater rights under the Texas Constitution than under the
Supreme Court=s
interpretation of the United States Constitution by noting that, although we
can hold that defendants have greater rights under the Texas Constitution than
under the United States Constitution, this does not mean that we should do so. 
Id. at 400.  Because the search was lawful under both the United States
and Texas Constitutions, the trial court did not abuse its discretion in
denying Jackson=s
motion to suppress.  We overrule issue one.

Jackson
asserts in issue two that the trial court abused its discretion and erred by
denying his motion to dismiss for failure to provide a speedy trial.  The
appropriate test for evaluating speedy trial claims is set forth in the case of
Barker v. Wingo, 407 U.S. 514, 530 (1972).  Kelly v. State, 163
S.W.3d 722, 726 (Tex. Crim. App. 2005).  The Barker court adopted a
balancing test in which the conduct of both the prosecution and the defendant
is weighed.  Barker, 407 U.S. at 530.  In determining whether a
particular defendant has been deprived of his right, we are to consider four
factors: the length of delay, the reason for the delay, the defendant=s assertion of the right,
and prejudice to the defendant.  Id.  We review legal issues de novo but
give deference to a trial court=s
resolution of factual issues.  Kelly, 163 S.W.3d at 726.

We
first consider the length of the delay.  The length of delay is a triggering
mechanism for analysis of the other Barker factors.  State v. Munoz,
991 S.W.2d 818, 821 (Tex. Crim. App. 1999).   Jackson was arrested on September
23, 2004, and indicted on January 13, 2005.  Trial commenced on January 9,
2006, nearly sixteen months from the date of Jackson=s arrest and almost one year from the date of
the indictment.  The State makes no contention that the delay is insufficient
to trigger consideration of the other factors; it urges that the delay just
barely triggers our consideration of the other factors.    








Next,
we consider the reasons for the delay.  No evidence was presented as to the
reason for the time gap between the date of Jackson=s arrest and the date of his indictment.  We
may reasonably presume that a significant portion of that time was involved
with preparing the case for grand jury presentation and trial, as well as
dealing with other cases on the docket.  Shortly after indictment, on January
26, 2005, the case was set for trial on April 18, 2005.  On April 18, 2005, the
case was reset for a plea, with the plea to be entered on June 1, 2005.  On
June 1, 2005, the case was continued by agreement and reset for a July 2005
hearing on Jackson=s
motion to suppress.  At the time of the suppression hearing in July, the case
was set for trial on August 15, 2005.  Prior to the August 15 setting, the case
was reset for trial on October 3, 2005.  On September 13, 2005, the trial court
granted Jackson=s
motion for independent examination of the evidence so that the controlled
substance could be tested.  On October 3, 2005, the case was reset for trial on
January 9, 2006, the date the trial began.  As can be seen, the record reflects
that a substantial amount of any delay in trying this case was either the
result of agreement between Jackson and the State or occasioned by the time
necessary to deal with pretrial motions filed by Jackson.  Jackson=s counsel argued to the
court at the hearing on his motion to dismiss that the case had been reset
twice because two State=s
witnesses had been on vacation or otherwise unavailable, while acknowledging
that on one occasion the trial court had reset the case so as to grant Jackson=s motion to have the drugs
independently tested.

The
record does not reflect any deliberate attempt to delay the trial, nor is there
any indication that any significant part of the delay was caused by negligence
or overcrowded courts.  Any delay attributable in whole or in part to the
defendant may constitute a waiver of the speedy trial claim.  Munoz, 991
S.W.2d at 822.  

 Considering
Jackson=s assertion of
the right, we note that he never sought a speedy trial.  On December 6, 2005,
more than one year after his arrest, nearly a year after his indictment, and
approximately one month before the trial setting date upon which he was
ultimately tried, he filed a motion to set aside the indictment on the basis
that he had not been afforded a speedy trial. 








 We
finally consider the factor of prejudice to Jackson.  We are to assess this
factor in light of the interests that the speedy trial right are designed to
protect.  Munoz, 991 S.W.2d  at 826.  These interests are:  (1)
preventing oppressive pretrial incarceration; (2) minimizing anxiety and
concern of the accused; and (3) limiting the possibility that the defense will
be impaired.  Id.   At the time of the December 15, 2005 hearing on
Jackson=s motion to
dismiss, he had been incarcerated for slightly more than one year from the date
of his arrest and less than one year from the date of his indictment.  There is
no evidence of anxiety and concern on the part of Jackson, other than the
anxiety and concern that would normally accompany such pretrial incarceration. 
There is no specific indication that Jackson=s
defense was in any way impaired by the delay.  While Jackson abstractly
discusses a possibility of a lapse of memory, he is required to show that
lapses of memory are in some way significant to the outcome of the case.  Id.
at 829.  Jackson has made no such showing.  Under these facts, Jackson=s showing of prejudice was
minimal.  See id.  

In
summary, there was no excessive delay, there were valid reasons for the delay,
part of the delay was attributable to Jackson, and any prejudice was minimal. 
We hold that the trial court did not err by denying Jackson=s motion to dismiss.  We
overrule issue two.  

Jackson
insists in issue five that the trial court abused its discretion in denying his
motion for new trial due to ineffective assistance of counsel.  In order to
prevail upon his claim of ineffective assistance of counsel, a defendant must
show that his counsel=s
performance was deficient and that there is a reasonable probability, one
sufficient to undermine confidence in the result, that the outcome would have
been different but for his counsel=s
deficient performance.  Ex parte Ellis, 233 S.W.3d 324, 330 (Tex. Crim.
App. 2007).  In order to establish deficient performance, one must show that
one=s counsel was not
acting as a reasonably competent attorney and that his or her advice was not
within the wide range of reasonable professional assistance and then must
overcome the presumption that, under the circumstances, the challenged action
might be considered sound trial strategy.  Id.

At
the hearing on the motion, Jackson testified that his trial counsel should have
introduced a videotape taken by Officer Molsbee, the arresting officer, which
showed him sitting on the bicycle but did not show him riding the bicycle on
the street.  Jackson acknowledged that, when the arresting officer asked him if
he had seen him ride the bike, Jackson told him, A[Y]es,
I rode it across the street, just across the street.@  However, Jackson insisted, A[T]hat was way before he
ever came around the corner.@ 
In the videotape itself, Jackson is heard to say something that could be
understood as indicating that he had just ridden the bicycle across the street.








Britt
Houston Lindsey, Jackson=s
trial counsel, stated that, when Officer Molsbee testified at the hearing on
the motion to suppress, he admitted that the videotape did not show Jackson
riding the bicycle.  He indicated that he felt that it was better not to
introduce the tape because of Jackson=s
apparent admission on the tape that he had just been riding the bicycle in the
street.  Lindsey also noted that at trial the videotape was admitted into
evidence and that the jury was instructed not to consider any evidence
illegally obtained.

We
hold that the trial court could reasonably have found that Jackson failed to
show that his counsel=s
performance was deficient because Jackson did not overcome the presumption that
the action he challenged might be reasonable trial strategy.  We also hold that,
in any event, Jackson failed to show that the result of the proceeding would
have been different in view of the fact that the arresting officer had
testified at the hearing that the videotape did not show Jackson riding the
bicycle.  We disagree with Jackson=s
argument that there could have been no impelling tactical advantage in failing
to introduce the videotape into evidence at the hearing on the motion to
suppress.  Consequently, we hold that the trial court did not abuse its
discretion in overruling Jackson=s
motion for new trial.  We overrule issue five.  

The
judgment is affirmed.

 

PER CURIAM

 

February 14,
2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

Strange, J., and Hill, J.[1]









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.