**Opinion filed August 12, 2010**



In The

# Eleventh Court of Appeals

_____

### No. 11-10-00111-CR
_____

## MICHAEL LYNN JOHNSON, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 39th District Court**

**Haskell County, Texas**

**Trial Court Cause No. 6333**

### O P I N I O N

The jury convicted Michael Lynn Johnson of possession of a controlled substance, and the trial court assessed his punishment at two years confinement in a state jail facility and a $3,000 fine. The trial court suspended the imposition of the confinement portion of the sentence and placed appellant on community supervision for four years. We affirm.

Randy Shotts, formerly with the Stamford Police Department, testified that he stopped appellant for failure to stop at a stop sign. Officer Nicholas Saginaw overheard the stop on the radio. While Officer Shotts was running a check on appellant's driver's license, Officer Saginaw

arrived at the scene with his drug-detection dog. Officer Saginaw had the dog conduct an open air search around the vehicle, and the dog alerted on the driver's side door of the vehicle. Officer Saginaw testified that he searched the vehicle and found an "open alcohol container, a rock of crack cocaine, and a spoon that tested positive for the presence of cocaine."

In his sole issue on appeal, appellant complains that the trial court erred in denying his motion to suppress. In reviewing a trial court's ruling on a motion to suppress, appellate courts must give great deference to the trial court's findings of historical facts as long as the record supports the findings. *Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997). Because the trial court is the exclusive factfinder, the appellate court reviews evidence adduced at the suppression hearing in the light most favorable to the trial court's ruling. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We also give deference to the trial court's rulings on mixed questions of law and fact when those rulings turn on an evaluation of credibility and demeanor. *Guzman*, 955 S.W.2d at 87. Where such rulings do not turn on an evaluation of credibility and demeanor, we review the trial court's actions de novo. *Id*.

A law enforcement officer may lawfully stop a motorist who commits a traffic violation. *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992); *Haas v. State*, 172 S.W.3d 42, 50 (Tex. App.—Waco 2005, pet. ref'd). In general, the decision to stop an automobile is reasonable when an officer has probable cause to believe that a traffic violation has occurred. *Walter v. State*, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000); *Haas*, 172 S.W.3d at 50. During a routine traffic stop, an officer may detain an individual to check for outstanding warrants. *Kothe v. State*, 152 S.W.3d 54, 63 (Tex. Crim. App. 2004); *Parker v. State*, 297 S.W.3d 803, 809 (Tex. App.—Eastland 2009, pet. ref'd). An officer may also request a driver's license, liability insurance information, vehicle ownership information, the driver's destination, and the purpose of the trip. *Parker*, 297 S.W.3d at 809; *Haas*, 172 S.W.3d at 50. While the officer is awaiting a computer warrant check, questioning about matters unrelated to the initial traffic stop does not violate U.S. CONST. amend. IV because such questioning does not extend the duration of an initial valid stop. *Parker*, 297 S.W.3d at 809.

In *Illinois v. Caballes*, 543 U.S. 405 (2005), the Supreme Court considered whether the Fourth Amendment requires reasonable suspicion to justify using a drug-detection dog to sniff a vehicle during a legitimate traffic stop. The Court held that "[a] dog sniff conducted during a concededly lawful traffic stop that reveals no information other than the location of a substance

that no individual has any right to possess does not violate the Fourth Amendment." *Caballes*, 543 U.S. at 410.  Appellant specifically argues that Article I, section 9 of the Texas Constitution provides greater protection than the Fourth Amendment and requires reasonable suspicion.

Appellant cites *Heitman v. State*, 815 S.W.2d 681 (Tex. Crim. App. 1991), which held that Texas courts may find that defendants have greater rights under the Texas Constitution than they have under the Supreme Court's interpretation of the United States Constitution.  We are mindful, however, of the court's admonition in *Johnson v. State*, 912 S.W.2d 227, 233 (Tex. Crim. App. 1995), that, although Texas courts can hold that defendants have greater rights under the Texas Constitution, this does not mean that Texas courts should do so.  *State v. Oages*, 227 S.W.3d 397, 400 (Tex. App.—Eastland 2007, pet. ref'd).

In finding that a canine sniff during a valid traffic stop does not violate the Fourth Amendment, the Court in *Caballes* noted that the canine sniff is *sui generis* because it discloses only the presence or absence of narcotics and does not constitute a search within the meaning of the Fourth Amendment, citing *United States v. Place*, 462 U.S. 696 (1983).  Likewise, a canine sniff is not a search under Article I, section 9 of the Texas Constitution.  *Hill v. State*, 951 S.W.2d 244, 250 (Tex. App.—Houston [14th Dist.] 1997, no pet.).  A plain reading and comparison of the language of the Fourth Amendment and of Article I, section 9 reveals no substantive difference.  *Johnson*, 912 S.W.2d at 232.  We hold that a canine sniff during a valid traffic stop violates neither the Fourth Amendment nor Article I, section 9 of the Texas Constitution.  We overrule appellant's sole issue on appeal.

The judgment of the trial court is affirmed.


JIM R. WRIGHT

CHIEF JUSTICE


August 12, 2010

Publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.