Opinion filed August 12,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00111-CR

                                                    __________

 

                            MICHAEL
LYNN JOHNSON, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 39th District Court

 

                                                           Haskell
County, Texas

 

                                                       Trial
Court Cause No. 6333

 



 

                                                                  O
P I N I O N

 

            The
jury convicted Michael Lynn Johnson of possession of a controlled substance,
and the trial court assessed his punishment at two years confinement in a state
jail facility and a $3,000 fine.  The trial court suspended the imposition of
the confinement portion of the sentence and placed appellant on community
supervision for four years.  We affirm.  

            Randy
Shotts, formerly with the Stamford Police Department, testified that he stopped
appellant for failure to stop at a stop sign.  Officer Nicholas Saginaw
overheard the stop on the radio.  While Officer Shotts was running a check on
appellant’s driver’s license, Officer Saginaw arrived at the scene with his drug-detection
dog.  Officer Saginaw had the dog conduct an open air search around the
vehicle, and the dog alerted on the driver’s side door of the vehicle.  Officer Saginaw
testified that he searched the vehicle and found an “open alcohol container, a
rock of crack cocaine, and a spoon that tested positive for the presence of
cocaine.”  

            In
his sole issue on appeal, appellant complains that the trial court erred in
denying his motion to suppress.  In reviewing a trial court’s ruling on a
motion to suppress, appellate courts must give great deference to the trial
court’s findings of historical facts as long as the record supports the
findings.   Guzman v. State, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997). 
Because the trial court is the exclusive factfinder, the appellate court
reviews evidence adduced at the suppression hearing in the light most favorable
to the trial court’s ruling.  Carmouche v. State, 10 S.W.3d 323, 327
(Tex. Crim. App. 2000).  We also give deference to the trial court’s rulings on
mixed questions of law and fact when those rulings turn on an evaluation of
credibility and demeanor.  Guzman, 955 S.W.2d at 87.  Where such rulings
do not turn on an evaluation of credibility and demeanor, we review the trial
court’s actions de novo.   Id.

A
law enforcement officer may lawfully stop a motorist who commits a traffic
violation.   Garcia v. State, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992);
Haas v. State, 172 S.W.3d 42, 50 (Tex. App.—Waco 2005, pet. ref’d).  In
general, the decision to stop an automobile is reasonable when an officer has
probable cause to believe that a traffic violation has occurred.  Walter v.
State, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000); Haas, 172 S.W.3d
at 50.  During a routine traffic stop, an officer may detain an individual to
check for outstanding warrants.  Kothe v. State, 152 S.W.3d 54, 63 (Tex.
Crim. App. 2004); Parker v. State, 297 S.W.3d 803, 809 (Tex. App.—Eastland
2009, pet. ref’d). An officer may also request a driver’s license, liability
insurance information, vehicle ownership information, the driver’s destination,
and the purpose of the trip.  Parker, 297 S.W.3d at 809; Haas,
172 S.W.3d at 50.  While the officer is awaiting a computer warrant check,
questioning about matters unrelated to the initial traffic stop does not
violate U.S. Const. amend. IV
because such questioning does not extend the duration of an initial valid
stop.  Parker, 297 S.W.3d at 809. 

In
Illinois v. Caballes, 543 U.S. 405 (2005), the Supreme Court considered
whether the Fourth Amendment requires reasonable suspicion to justify using a
drug-detection dog to sniff a vehicle during a legitimate traffic stop.  The
Court held that “[a] dog sniff conducted during a concededly lawful traffic stop
that reveals no information other than the location of a substance that no
individual has any right to possess does not violate the Fourth Amendment.”  Caballes,
543 U.S. at 410.  Appellant specifically argues that Article I, section 9 of
the Texas Constitution provides greater protection than the Fourth Amendment
and requires reasonable suspicion.  

Appellant
cites Heitman v. State, 815 S.W.2d 681 (Tex. Crim. App. 1991), which
held that Texas courts may find that defendants have greater rights under the
Texas Constitution than they have under the Supreme Court’s interpretation of
the United States Constitution.  We are mindful, however, of the court’s
admonition in Johnson v. State, 912 S.W.2d 227, 233 (Tex. Crim. App. 1995),
that, although Texas courts can hold that defendants have greater rights under
the Texas Constitution, this does not mean that Texas courts should do so.  State
v. Oages, 227 S.W.3d 397, 400 (Tex. App.—Eastland 2007, pet. ref’d).  

In
finding that a canine sniff during a valid traffic stop does not violate the
Fourth Amendment, the Court in Caballes noted that the canine sniff is sui
generis because it discloses only the presence or absence of narcotics and
does not constitute a search within the meaning of the Fourth Amendment, citing
United States v. Place, 462 U.S. 696 (1983).  Likewise, a canine sniff
is not a search under Article I, section 9 of the Texas Constitution.  Hill
v. State, 951 S.W.2d 244, 250 (Tex. App.—Houston [14th Dist.] 1997, no
pet.).  A plain reading and comparison of the language of the Fourth Amendment
and of Article I, section 9 reveals no substantive difference.  Johnson,
912 S.W.2d at 232.  We hold that a canine sniff during a valid traffic stop violates
neither the Fourth Amendment nor Article I, section 9 of the Texas
Constitution.  We overrule appellant’s sole issue on appeal. 

The
judgment of the trial court is affirmed.

 

 

                                                                                    JIM
R. WRIGHT

                                                                                    CHIEF
JUSTICE

                        

August 12, 2010

Publish.  See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.