Opinion filed September 6,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00004-CR 

                                                    __________

 

                            MICHAEL
LYNN JOHNSON, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 39th District Court

                                                           Haskell
County, Texas

                                                       Trial
Court Cause No. 6333

 



 

M
E M O R A N D U M   O P I N I O N

            The
trial court revoked Michael Lynn Johnson’s community supervision.  Appellant
claims that he is being denied his right to due process because he cannot
challenge the sufficiency of the evidence to support the revocation of his
community supervision, given that he pleaded true to some of the allegations in
the State’s motion to revoke his community supervision.  We affirm.

Background

            On
April 6, 2009, appellant was convicted and placed on community supervision for
the offense of possession of a controlled substance, less than one gram of
cocaine.  This court affirmed the trial court in that case.  Johnson v.
State, 323 S.W.3d 561, 562–63 (Tex. App.—Eastland 2010, pet. ref’d).  On
September 8, 2010, the State filed a motion to revoke appellant’s community supervision. 
On November 22, 2010, and December 17, 2010, the trial court held a hearing on
the State’s motion to revoke.  The State alleged that appellant committed eight
separate violations of the terms of his community supervision.

            During
the hearing, appellant pleaded not true to paragraphs one, two, and four of the
revocation motion.  He pleaded true to paragraphs three, five, six, seven, and
eight.  The trial court found that there was sufficient evidence to support
allegations one, two, four, six, and eight.  The trial court revoked appellant’s
community supervision and sentenced him to confinement for two years in the
Texas Department of Criminal Justice, State Jail Division, and a $3,000 fine.  This
appeal followed.

Discussion

            In
his first issue, appellant argues that he was denied his right to procedural
due process as guaranteed by the United States and Texas Constitutions[1]
because he entered a plea of true to several of the community supervision
violations and was, thus, denied the right to challenge the sufficiency of the
evidence to support those grounds for revocation.  In his second issue, appellant
argues that Article 1.15 of the Texas Code of Criminal Procedure should be
applied to revocation proceedings.  Tex.
Code Crim. Proc. Ann. art. 1.15 (West 2005).

            Appellant
failed to preserve either of his issues for appellate review.  Generally, “as a
prerequisite to presenting a complaint for appellate review,” an appellant must
make a timely request, objection, or motion at the trial court level.  See Tex. R. App. P. 33.1; Hull v. State,
67 S.W.3d 215, 217 (Tex. Crim. App. 2002).  The purpose of this requirement is
to give the trial court and the State an opportunity to correct a mistake early
in the proceeding.  Hull, 67 S.W.3d at 217.  This requirement applies
even when the issue on appeal alleges a deprivation of due process.  See
Pena v. State, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (holding that due
course of law claim not preserved at trial level); see also Hull, 67
S.W.3d at 217. 

            Prior
to this appeal, appellant did not claim that the State was required to prove the
alleged violations of community supervision in spite of his plea of true.  He did
not assert any statutory rights under Article 1.15.  He never raised any
alleged deprivation of his due process rights prior to this appeal.  Thus, we
conclude that this issue was not properly preserved and is, therefore, waived. 
Pena, 285 S.W.3d at 464; Hull, 67 S.W.3d at 217.

            Even
if error had been preserved, appellant’s argument would fail on the merits.  A
case from our sister court is precisely on point.  See Godley v. State,
No. 03-11-00083-CR, 2012 WL 1660613 (Tex. App.—Austin May 11, 2012, pet. ref’d)
(mem. op., not designated for publication).  The defendant in that case, like appellant
in this case, claimed that he was entitled to the same procedural protections
at the trial court level as defendants pleading guilty to felony charges.  Id.
at *2.  In the felony trial context, the State must “introduce evidence into
the record showing the guilt of the defendant” even when the defendant pleads
guilty.  Article 1.15; see also Menefee v. State, 287 S.W.3d 9,
13 (Tex. Crim. App. 2009) (explaining that the Code of Criminal Procedure, not the
Due Process Clause, requires “sufficient evidence” of guilt beyond the defendant’s
guilty plea).

            The
Austin court rejected the precise argument that appellant makes here because
binding precedent dictated that it must do so.  Godley, 2012 WL 1660613,
at *4.  Additionally, the defendant failed to distinguish between the legal
standards involved in a criminal trial and those in a hearing to revoke
community supervision.  Id. at *3.  He “fail[ed] to explain how a
probationer’s plea of true, standing alone, could ever be insufficient to prove
a violation of community supervision by a preponderance of the evidence.”  Id.


            Appellant,
like the defendant in Godley, “provides no precedent to support his
claim that due process requires that we extend a statutory protection created
for defendants who plead guilty to felonies to probationers who admit to
violating their community supervision.”  Id. (citing  Menefee,
287 S.W.3d at 13 (noting that requirement of proof after guilty plea is
statutory, not constitutional)).  We follow our sister court and “decline to
find that the Due Process Clause affords greater protection for probationers
facing revocation than it does for defendants pleading guilty to felony
charges.”  Id.

            We
also agree with the Austin court that binding precedent controls our decision.  Id.
at *4.  As an intermediate appellate court, we are bound to follow the law
as declared by our superior courts.  See Moses v. State, 590 S.W.2d 469,
470 (Tex. Crim. App. 1979).  The Court of Criminal Appeals has held that a plea
of true is itself sufficient to support revocation of community supervision.  Id.;
Mitchell v. State, 482 S.W.2d 221, 222–23 (Tex. Crim. App. 1972).  We
are obliged to conform our opinions to those of the Court of Criminal Appeals.  Thus,
even if this issue had been properly preserved, we would conclude that a
defendant who pleads true to violating conditions of community supervision
cannot claim that there is insufficient evidence to revoke deferred
adjudication. Therefore, appellant’s issues on appeal are overruled.

            The judgment
of the trial court is affirmed.

 

                                                                                                PER
CURIAM

 

September 6,
2012

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel[2]
consists of: Wright, C.J.,

McCall, J., and Hill.[3]









                [1]See U.S. Const. amend. XIV; Tex. Const. art. I, § 19.





                [2]Eric Kalenak, Justice, resigned effective September 3,
2012.  The justice position is vacant pending appointment of a successor by the
governor or until the next general election.

 





                [3]John G. Hill, Former Chief Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.