**Opinion filed September 6, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00004-CR

_____

## MICHAEL LYNN JOHNSON, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 39th District Court**
**Haskell County, Texas**
**Trial Court Cause No. 6333**

## MEMORANDUM OPINION

The trial court revoked Michael Lynn Johnson's community supervision. Appellant claims that he is being denied his right to due process because he cannot challenge the sufficiency of the evidence to support the revocation of his community supervision, given that he pleaded true to some of the allegations in the State's motion to revoke his community supervision. We affirm.

*Background*

On April 6, 2009, appellant was convicted and placed on community supervision for the offense of possession of a controlled substance, less than one gram of cocaine. This court

affirmed the trial court in that case. *Johnson v. State*, 323 S.W.3d 561, 562–63 (Tex. App.—Eastland 2010, pet. ref'd). On September 8, 2010, the State filed a motion to revoke appellant's community supervision. On November 22, 2010, and December 17, 2010, the trial court held a hearing on the State's motion to revoke. The State alleged that appellant committed eight separate violations of the terms of his community supervision.

During the hearing, appellant pleaded not true to paragraphs one, two, and four of the revocation motion. He pleaded true to paragraphs three, five, six, seven, and eight. The trial court found that there was sufficient evidence to support allegations one, two, four, six, and eight. The trial court revoked appellant's community supervision and sentenced him to confinement for two years in the Texas Department of Criminal Justice, State Jail Division, and a $3,000 fine. This appeal followed.

*Discussion*

In his first issue, appellant argues that he was denied his right to procedural due process as guaranteed by the United States and Texas Constitutions[1] because he entered a plea of true to several of the community supervision violations and was, thus, denied the right to challenge the sufficiency of the evidence to support those grounds for revocation. In his second issue, appellant argues that Article 1.15 of the Texas Code of Criminal Procedure should be applied to revocation proceedings. TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005).

Appellant failed to preserve either of his issues for appellate review. Generally, "as a prerequisite to presenting a complaint for appellate review," an appellant must make a timely request, objection, or motion at the trial court level. *See* TEX. R. APP. P. 33.1; *Hull v. State*, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002). The purpose of this requirement is to give the trial court and the State an opportunity to correct a mistake early in the proceeding. *Hull*, 67 S.W.3d at 217. This requirement applies even when the issue on appeal alleges a deprivation of due process. *See Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (holding that due course of law claim not preserved at trial level); *see also Hull*, 67 S.W.3d at 217.

Prior to this appeal, appellant did not claim that the State was required to prove the alleged violations of community supervision in spite of his plea of true. He did not assert any statutory rights under Article 1.15. He never raised any alleged deprivation of his due process

---

[1]*See* U.S. CONST. amend. XIV; TEX. CONST. art. I, § 19.

2

rights prior to this appeal. Thus, we conclude that this issue was not properly preserved and is, therefore, waived. *Pena*, 285 S.W.3d at 464; *Hull*, 67 S.W.3d at 217.

Even if error had been preserved, appellant's argument would fail on the merits. A case from our sister court is precisely on point. *See Godley v. State*, No. 03-11-00083-CR, 2012 WL 1660613 (Tex. App.—Austin May 11, 2012, pet. ref'd) (mem. op., not designated for publication). The defendant in that case, like appellant in this case, claimed that he was entitled to the same procedural protections at the trial court level as defendants pleading guilty to felony charges. *Id.* at *2. In the felony trial context, the State must "introduce evidence into the record showing the guilt of the defendant" even when the defendant pleads guilty. Article 1.15; *see also Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009) (explaining that the Code of Criminal Procedure, not the Due Process Clause, requires "sufficient evidence" of guilt beyond the defendant's guilty plea).

The Austin court rejected the precise argument that appellant makes here because binding precedent dictated that it must do so. *Godley*, 2012 WL 1660613, at *4. Additionally, the defendant failed to distinguish between the legal standards involved in a criminal trial and those in a hearing to revoke community supervision. *Id.* at *3. He "fail[ed] to explain how a probationer's plea of true, standing alone, could ever be insufficient to prove a violation of community supervision by a preponderance of the evidence." *Id.*

Appellant, like the defendant in *Godley*, "provides no precedent to support his claim that due process requires that we extend a statutory protection created for defendants who plead guilty to felonies to probationers who admit to violating their community supervision." *Id.* (citing *Menefee*, 287 S.W.3d at 13 (noting that requirement of proof after guilty plea is statutory, not constitutional)). We follow our sister court and "decline to find that the Due Process Clause affords greater protection for probationers facing revocation than it does for defendants pleading guilty to felony charges." *Id.*

We also agree with the Austin court that binding precedent controls our decision. *Id.* at *4. As an intermediate appellate court, we are bound to follow the law as declared by our superior courts. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979). The Court of Criminal Appeals has held that a plea of true is itself sufficient to support revocation of community supervision. *Id.*; *Mitchell v. State*, 482 S.W.2d 221, 222–23 (Tex. Crim. App. 1972). We are obliged to conform our opinions to those of the Court of Criminal Appeals. Thus, even if

this issue had been properly preserved, we would conclude that a defendant who pleads true to violating conditions of community supervision cannot claim that there is insufficient evidence to revoke deferred adjudication. Therefore, appellant's issues on appeal are overruled.

The judgment of the trial court is affirmed.

PER CURIAM

September 6, 2012

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel[2] consists of: Wright, C.J.,
McCall, J., and Hill.[3]

---

[2]Eric Kalenak, Justice, resigned effective September 3, 2012.  The justice position is vacant pending appointment of a successor by the governor or until the next general election.

[3]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.