**Opinion filed July 25, 2013**



## In The

# Eleventh Court of Appeals

_____

## No. 11-11-00193-CR

_____

## CARL DARHAL EVANS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the 350th District Court

### Taylor County, Texas

### Trial Court Cause No. 9597-D

### M E M O R A N D U M   O P I N I O N

The jury convicted Carl Darhal Evans of possession of a controlled substance and assessed his punishment at twenty years' confinement in the Institutional Division of the Texas Department of Criminal Justice and a $10,000 fine. In his sole issue on appeal, Appellant complains that the trial court erred in denying his motion to suppress. We affirm.

*Background Facts*

Officer Christopher Collins of the Abilene Police Department testified that he observed Appellant parked outside a residence at 1:30 a.m. on April 2, 2010. Officer Collins testified that the residence is well known as a location where the trafficking of illegal narcotics occurs. Appellant was sitting inside his car talking to a male outside of the residence. As Appellant drove away from the residence, Officer Collins observed him commit two traffic violations. Officer Collins initiated a traffic stop of Appellant upon observing the traffic violations. He testified that, at the time of the stop, he suspected that Appellant was engaging in illegal drug activity. Appellant drove ten blocks before stopping his vehicle. After Appellant came to a stop, Officer Collins called for Officer Thomas Joel Peavy III, a "K-9" officer, to report to the scene to conduct an open air search of Appellant's vehicle with a drug-detection dog. Officer Peavy had the dog conduct an open air search around the vehicle, and the dog alerted on the driver's side door of the vehicle. Officer Peavy testified that he searched the vehicle and found a rock of crack cocaine located within a slit in the driver's side seat.

*Standard of Review*

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011); *Lujan v. State*, 331 S.W.3d 768, 771 (Tex. Crim. App. 2011). In reviewing a ruling on a motion to suppress, we apply a bifurcated standard of review. *Martinez*, 348 S.W.3d at 922–23; *Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010). First, we afford almost total deference to the trial court's determination of historical facts and of mixed questions of law and fact that turn on the weight or credibility of the evidence. *Martinez*, 348 S.W.3d at 922–23; *Lujan*, 331 S.W.3d at 771. Second, we review de novo the trial court's determination of pure questions of law and mixed questions of law and fact that do not depend on

2

credibility determinations.  *Martinez*, 348 S.W.3d at 923.  Thus, we review de novo the issue of whether the totality of the circumstances was sufficient to support an officer's reasonable suspicion to make a stop.  *Madden v. State*, 242 S.W.3d 504, 517 (Tex. Crim. App. 2007).

*Analysis*

Appellant does not challenge Officer Collins's basis for initiating the traffic stop in light of the evidence that the officer observed Appellant commit two traffic violations.  A law enforcement officer may lawfully stop a motorist who commits a traffic violation.  *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992); *Haas v. State*, 172 S.W.3d 42, 50 (Tex. App.—Waco 2005, pet. ref'd).  In general, the decision to stop an automobile is reasonable when an officer has probable cause to believe that a traffic violation has occurred.  *Walter v. State*, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000); *Haas*, 172 S.W.3d at 50.

Appellant complains that Officer Collins did not have a valid basis to request an open air sniff by a drug-detection dog.  We addressed a similar contention in *Johnson v. State*, 323 S.W.3d 561, 563–64 (Tex. App.—Eastland 2010, pet. ref'd).  Citing *Illinois v. Caballes*, 543 U.S. 405 (2005), we held that a canine sniff conducted during a lawful traffic stop is not a search under either the Fourth Amendment or Article I, section 9 of the Texas constitution.  Accordingly, an officer is not required to have reasonable suspicion justifying a canine sniff during a lawful traffic stop.  *Caballes*, 543 U.S. at 409; *see Johnson*, 323 S.W.3d at 563–64.

Appellant additionally contends that Officer Collins did not have a sufficient basis for continuing to detain him until the K-9 officer arrived.  An investigatory detention is reasonable, and therefore constitutional, if (1) the officer's action was justified at the detention's inception and (2) the detention was reasonably related in scope to the circumstances that justified the interference in the first place. *Terry v.*

*Ohio*, 392 U.S. 1, 19–20 (1968). The second prong of *Terry* deals with the scope of the detention: "[A]n investigative detention, 'like any other search, must be strictly circumscribed by the exigencies which justify its initiation.'" *Davis v. State*, 947 S.W.2d 240, 243 (Tex. Crim. App. 1997) (quoting *Terry*, 392 U.S. at 25–26). A routine traffic stop includes investigation of the suspected offense as well as a license and warrant check. *Kothe v. State*, 152 S.W.3d 54, 63 (Tex. Crim. App. 2004). A traffic-stop investigation is not fully resolved until after a computer check of the license and warrant status of the driver is completed and the officer knows that this driver has a valid license and no outstanding warrants and that the car is not stolen. *Kothe*, 152 S.W.3d at 63–64, 65. Once the reason for a routine traffic stop is resolved, the stop may not then be used as a fishing expedition for unrelated criminal activity. *Davis*, 947 S.W.2d at 243 (citing *Ohio v. Robinette*, 519 U.S. 33, 41 (1996) (Ginsburg, J., concurring)). Reasonable suspicion that another offense was or is being committed is required to prolong the detention. *Lambeth v. State*, 221 S.W.3d 831, 836 (Tex. App.—Fort Worth 2007, pet. ref'd); *McQuarters v. State*, 58 S.W.3d 250, 256 (Tex. App.—Fort Worth 2001, pet. ref'd).

A review of the video taken of Officer Collins's traffic stop of Appellant reveals that he followed Appellant for approximately twenty-five seconds prior to Appellant stopping. Officer Peavy arrived at the location within three minutes of Officer Collins's initial contact with Appellant, and Officer Peavy conducted the open air sniff within approximately thirty seconds of arriving at the scene. During the few minutes prior to Officer Peavy's arrival, the video depicts Officer Collins making contact with Appellant, obtaining information from Appellant, and returning to his patrol unit. Appellant testified at the suppression hearing that he did not have a valid driver's license. Accordingly, the evidence shows that Officer Collins's traffic-stop investigation was not fully resolved prior to the open air sniff

4

conducted by Officer Peavy's drug-detection dog.  We conclude that the duration of the stop was not unduly prolonged prior to the open air sniff and the subsequent discovery of a controlled substance within Appellant's vehicle.  Appellant's sole issue is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.


TERRY McCALL

JUSTICE


July 25, 2013

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.